IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEREK L.W. DAVIS,          :
    Plaintiff,           :
                         :
   v.                   :        CIVIL ACTION NO. 26-CV-1595
                         :
FRIENDS HOSPITAL, *et al.*    :
    Defendants.          :

**MEMORANDUM**

WEILHEIMER, J.                                MARCH 27th, 2026

Derek L.W. Davis filed this *pro se* civil action against Defendants Friends Hospital and

Dr. Zachary Winchell.  Davis also seeks leave to proceed *in forma pauperis*.  For the following

reasons, the Court will grant Davis leave to proceed *in forma pauperis* and dismiss his Amended

Complaint[1] for lack of subject matter jurisdiction.

**I.      FACTUAL ALLEGATIONS[2]**

Davis lists a State College, Pennsylvania, address for himself (*see* Am. Compl. 2, 6), but

also provides the address and phone number of Friends Hospital, a psychiatric hospital in

Philadelphia, Pennsylvania, as his current contact information and states that he has been at that

---

[1] Davis commenced this action by filing a Complaint.  (ECF No. 1.)  Because he failed to pay the required filing fees or file an application to proceed *in forma pauperis*, Davis was directed to do so by Administrative Order dated March 17, 2026.  (*See* ECF No. 4.)  After that Order was filed, an Amended Complaint and Motion for Leave to Proceed *In Forma Pauperis* were entered on the docket.  (*See* ECF Nos. 5 and 6.)  "In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity."  *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (citations omitted).  Accordingly, the Amended Complaint, which consists of a standard form complaint and a handwritten supplement (*see* ECF No. 5), is the operative pleading in this case.  In any event, the handwritten supplement is the same document that was filed as the initial Complaint.

[2] The factual allegations are taken from the Amended Complaint (ECF No. 5).  The Court adopts the sequential pagination assigned by the CM/ECF docketing system.

address for three months, (*see id.* at 7, 12). Davis also describes himself as a patient at Friends Hospital under the care of Defendant Winchell. (*Id.* at 9.)

Davis checked the box on the form complaint to indicate "federal question" as the basis for this Court's jurisdiction. (*See id.* at 3.) He states that the rights at issue are "discrimination, emotional distress." (*Id.*) The Amended Complaint details "over 50 causes of action" against "the sham hospital." (*Id.* at 9.) Generally, Davis objects to many of the policies and procedures of the hospital, and the conditions at the hospital. (*See id.* at 9-22.) His primary allegation concerns the hospital's practice of locking patients out of their rooms, a process called a "room order." (*Id.* at 10.) Davis contends that the hospital's practice of locking patients out of their rooms to attend groups is "illegal and cruel and unusual punishment" because a room is a patient's residence and a patient can sit in the common room instead of attending groups anyway. (*Id.* at 10-11.) Davis also takes issue with the cleanliness of the hospital, (*see id.* at 18-22), as well as hospital practices involving food and medication distribution, the size of water cups, the temperature of the rooms, the lack of nail clippers, and the hospital's mail policies, (*see id.* at 12-15). Davis's contention that he suffered discrimination is based on allegations that some patients are treated differently than others, *e.g.*, he claims that room orders are entered for some patients and not others, (*see id.* at 15-16), he was threatened with an injection "for laying on the floor," (*id.* at 16), he was not given an Ensure beverage because he did not say "thank you," (*id.*), different food is served "in the other psych unit," (*id.*), and only he was called names, (*id.* at 16-17). As relief, Davis seeks $2.75 billion in damages. (*Id.* at 5.)

## II.   STANDARD OF REVIEW

The Court grants Davis leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. §

2

1915(e)(2)(B) requires the Court to screen the Amended Complaint and dismiss it if it is frivolous, malicious, fails to state a claim for relief, or seeks damages from an immune defendant. Furthermore, the Court must dismiss any claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))). As Davis is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citation omitted).

## III.   DISCUSSION

"It is fundamental that federal courts must have subject matter jurisdiction before reaching the merits of a case." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) (citation omitted). Jurisdictional issues may be raised at any time and courts have a duty to raise them on their own. *Wilkins v. United States*, 598 U.S. 152, 157 (2023). This Court does not have jurisdiction over Davis's claims.

As noted *supra*, the Amended Complaint reflects Davis's intention to invoke federal question jurisdiction, 28 U.S.C. § 1331. (*See* Am. Compl. at 3.) Section 1331 provides district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, even under a liberal construction of the Amended

Complaint, the Court cannot discern any basis for Davis to pursue a federal claim against either Defendant such that the Court could exercise jurisdiction under 28 U.S.C. § 1331.[3]

Instead, the Amended Complaint is best construed as attempting to allege tort claims under Pennsylvania law or perhaps claims under Pennsylvania's Mental Health Procedures Act. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." (citations omitted)). District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Benefit Life Co.,* 800 F.3d at 104 (alteration in original) (footnotes omitted) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d

---

[3] To the extent he seeks to present a civil rights claim under 42 U.S.C. § 1983, nothing in the Amended Complaint suggests that either named Defendant is a state actor or that Davis is confined at Friends Hospital as a result of state action. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."); *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." (citation omitted)). Davis's allegations are therefore insufficient to invoke the Court's jurisdiction based on § 1983. *See Rose v. Husenaj*, 708 F. App'x 57, 60 (3d Cir. 2017) (*per curiam*) (concluding that *pro se* complaint raising "vague references to 'civil rights violations'" failed to present a federal question when "none of his claims arise 'under the Constitution, laws, or treaties of the United States,' 28 U.S.C. § 1331, nor does [plaintiff] seek a remedy granted by the Constitution or federal law"). Additionally, while Davis alleges that he has suffered "discrimination," even under the most liberal reading of the Amended Complaint, the Court can discern no other basis for federal question jurisdiction based on these statements.

4

412, 419 (3d Cir. 2010)). For diversity purposes, an individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c). "[T]he citizenship of an LLC [or other unincorporated entity] is determined by the citizenship of its members." *Zambelli*, 592 F.3d at 420.

Davis has not met his burden of establishing the Court's jurisdiction over any state law claims, because the Amended Complaint does not allege the parties' States of citizenship. In any event, it appears that there is not complete diversity. The Court understands Davis to state that he currently resides at Friends Hospital and that his domicile is the State College address listed in the Amended Complaint. (*See* Am. Compl. at 7.) Davis brings suit against, *inter alia*, Friends Hospital, which has its principal place of business in Philadelphia and appears to be a citizen of Pennsylvania. *See C.O. v. Universal Health Servs., Inc.*, No. 24-4322, 2025 WL 564934, at *2 (E.D. Pa. Feb. 19, 2025) (noting that Friends Hospital is a regular place of business or activity of Universal Health Services, Inc. ("UHS") and is a subsidiary of UHS, and that UHS is a citizen of Delaware and Pennsylvania because it is incorporated in Delaware and has a principal place of business in Pennsylvania); *see also* https://friendshospital.com/about-us/ (describing Friends Hospital as the oldest private psychiatric hospital in the nation) (last visited Mar. 23, 2026); https://jobs.uhsinc.com/friends-hospital (stating that Friends Hospital is operated by a subsidiary of Universal Health Services, Inc., a King of Prussia, PA-based company) (last visited Mar. 23, 2026). Since the jurisdictional requirement of complete diversity is not satisfied, this Court lacks the ability to hear any state law claims. Accordingly, the Court will dismiss this matter.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Davis leave to proceed *in forma pauperis* and dismiss his Amended Complaint for lack of subject matter jurisdiction.  The Court concludes that further amendment would be futile under the circumstances of this case, but notes that the dismissal is without prejudice to Davis refiling his claims in state court, where federal jurisdiction will not be an issue.[4]  *See N.J. Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of subject matter jurisdiction are "by definition without prejudice" (citation omitted)).  A dismissal Order follows, which shall be docketed separately.  *See* Fed. R. Civ. P. 58.

BY THE COURT:

GAIL A. WEILHEIMER, J.

---

[4] The Court expresses no opinion on the merits of Davis's claims.